# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CIVIL ACTION NO. 5:09CV-00182-JHM**

**HERBERT E. MANNING**                                                                                **PLAINTIFF**

**VS.**

**SCOTT MAYES, GUY HOWIE**                                              **DEFENDANTS**
**and DANIEL J. KEMP**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Scott Mayes, Guy Howie, and Daniel J. Kemp, in their individual and official capacities, to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim [DN 12] and a motion by Plaintiff, Herbert Manning, pro se, for leave to amend his complaint to add a claim for punitive damages [DN 9]. Fully briefed, these matters are ripe for decision.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v.. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1950 (2009). Under this standard, a plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). A complaint

falls short of this standard if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950. It is against this standard the Court views the following facts alleged in the Complaint.

## II. BACKGROUND

Plaintiff, Herbert Manning, owned and operated a business within the city limits of Hopkinsville, Kentucky. Plaintiff rents the building to the public for various social functions. On June 12, 2009, Plaintiff rented the premises for a birthday party. At approximately 11:30 p.m., police officers with the Hopkinsville Police Department, including Defendant, Sergeant Scott Mayes, arrived at Plaintiff's business on a disturbance call. Teenagers had been fighting outside the Plaintiff's business. Plaintiff asserts that the teenagers had not been guests at the birthday party. At the time the officers arrived, the business doors were locked because the birthday party was over and the individual who had rented the building was cleaning up. Hopkinsville Police Officers knocked on the door of the business, the renter answered the door indicating that she was responsible for the the event, and the police then entered the building without permission.

According to Plaintiff, the officers began to search the premises without the Plaintiff's consent to search. Plaintiff alleges that the officers did a visual search of the premises. After the initial search, the officers began to search areas that were off limits to the renter of the premises. Plaintiff asserts that he had placed two large speakers at the entrance of the bar area. The bar area contained a large, locked cabinet with a curtain in front of the cabinet. Law enforcement moved the large speakers and the curtain and then instructed Plaintiff to open the locked cabinet. Plaintiff claims that he was informed by Sergeant Mayes that if he did not open the locket cabinet, the police

2

officers would break the lock. Plaintiff further represents that he objected repeatedly to the search and was told that his objections didn't make any difference because they were going to search anyway. In the locked cabinet, the officers found thirty-eight unopened pints of liquor, approximately four cases of beer, and one-half gallon of liquor. (Uniform Citation.) The officers cited the Plaintiff for a violation of City of Hopkinsville Local Ordinance § 118.12 due to disorderly patrons and a violation of KRS § 243.020 for unlicensed storage of alcohol. On October 8, 2009, the Christian County District Court dismissed all charges against the Plaintiff.

As a result of the alleged illegal search, Manning filed a complaint against the Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his right to be free from unlawful searches as set forth in the Fourth Amendment to the United States Constitution and applied to the states through the Fourteenth Amendment. Defendants have now filed this current motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III. DISCUSSION

Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." DeSilva v. State Medical Bd. of Ohio, 2010 WL 1644209, *7 (S.D. Ohio. April 23, 2010)(citing Oklahoma City v. Tuttle, 471 U.S. 808 (1985)). Section 1983 has two basic requirements: "(1) state action that (2) deprived an individual of federal statutory or constitutional rights." Id. (citing Flint v. Kentucky Dept. of Corrections, 270 F.3d 340, 351 (6th Cir. 2001)).

Defendants do not dispute the existence of state action. Instead, Defendants argue that

3

Plaintiff has failed to state a claim for a deprivation of a constitutional right under the Fourth Amendment because the Plaintiff had no reasonable expectation of privacy in the place searched. Alternatively, the individual Defendants argue that they are entitled to qualified immunity. Finally, with respect to Defendants Howie or Kemp, Defendants maintain that there is no respondent superior liability for civil rights violations and, as a result, all individual liability claims against them should be dismissed. The Court will address these arguments in turn.

**A. Reasonable Expectation of Privacy of a Closely Regulated Business**

The Fourth Amendment provides that "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Under the Fourth Amendment, searches "'conducted without a warrant issued upon probable cause [are] per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" DeSilva, 2010 WL 1644209, *8(quoting U.S. v. Moon, 513 F.3d 527, 537 (6th Cir. 2008), Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). The Supreme Court has recognized such an exception to the warrant requirement for "pervasively regulated business[es]", United States v. Biswell, 406 U.S. 311, 316 (1972), and for "'closely regulated" industries, but warrantless searches of even closely regulated businesses must be "carefully limited in time, place, and scope." New York v. Burger, 482 U.S. 691, 700-03 (1987).

A warrantless search of a pervasively regulated business is reasonable only if the regulatory regime meets three criteria. Midwest Retailer Associated, Ltd. v. City of Toledo, 563 F. Supp. 2d 796, 806 (N.D. Ohio 2008)(citing Burger, 482 U.S. at 702-03). First, "'there must be a 'substantial'

4

government interest that informs the regulatory scheme pursuant to which the inspection is made.'" Id. (quoting Burger, 482 U.S. at 703 (citations omitted)). Second, the inspection program must "be 'necessary to further [the] regulatory scheme.' " Burger, 482 U.S. at 703 (quoting Donovan v. Dewey, 452 U.S. 594, 600 (1981)). Third, "'the statute's inspection program, in terms of the certainty and regularity of its application, [must] provid[e] a constitutionally adequate substitute for a warrant.'" Midwest Retailers, 563 F. Supp. 2d at 806 (quoting Burger, 482 U.S. at 703). To meet the third requirement "the regulatory statute must perform the two basic functions of a warrant: it must advise the owner of the commercial premises that the search is being made pursuant to the law and has a properly defined scope, and it must limit the discretion of the inspecting officers" by limiting the "time, place, and scope" of the search. Burger, 482 U.S. at 703.

Furthermore, while administrative searches are a recognized exception to the traditional warrant requirement, "they cannot be used as a pretext for what is, in reality, a purely criminal investigation." Ruttenberg v. Jones, 283 Fed. Appx. 121, 133 (4th Cir. 2008)(citing Burger, 482 U.S. at 716 n. 27); see also, e.g., Showers v. Spangler, 182 F.3d 165, 173 (3d Cir.1999). Accordingly, an administrative search "should be considered a pretext, and thus deemed impermissible, if the inspection was performed 'solely to gather evidence of criminal activity.'" Ruttenberg, 283 Fed. Appx. at 133 (citing United States v. Johnson, 994 F.2d 740, 742 (10th Cir.1993); Bruce v. Beary, 498 F.3d 1232, 1239-40 (11th Cir. 2007); City of Indianapolis v. Edmond, 531 U.S. 32, 37-38 (2000) (indicating that a warrant is required if "the primary purpose [of the search] was to detect evidence of ordinary criminal wrongdoing").

Plaintiff claims that Defendants violated his Fourth Amendment right against unreasonable searches when law enforcement conducted a warrantless search of Plaintiff's business without his

consent. Defendants maintain that because Plaintiff's business is a closely regulated business subject to close supervision and inspection, he did not have a reasonable expectation of privacy in the premises. As a result, Defendants maintain that the police officers' warrantless search pursuant to the City of Hopkinsville Local Ordinance § 118.13 did not violate the Fourth Amendment and the motion to dismiss should be granted.

The Ordinance identified by Defendants in their motion to dismiss as authorizing the search of Plaintiff's business is Title XI, Chapter 18 of the City of Hopkinsville Local Ordinances entitled "Amusements and Entertainment" and regulates "places of entertainment." This Ordinance requires such businesses to obtain a permit, to file various forms and information with the City, to display a license on the premises, and to comply with prescribed hours of operation. Further, the Ordinance prohibits licensed places of entertainment from allowing "[d]runken, disorderly or boisterous persons, or persons exhibiting lewd or obscene conduct to congregate in or about the premises" and "any person under the age of 21 years in or on that part of the licensed premises where persons are permitted to drink alcoholic beverages unless that person is accompanied and in the custody of one of his or her parents or guardians." (City of Hopkinsville Local Ordinance § 118.12(A),(F).) City of Hopkinsville Local Ordinance § 118.13 specifically provides:

> § 118.13 INSPECTION OF PREMISES ON REGULAR BASIS; RIGHT OF ENTRY
> (A)  The Chief of Police or his or her officers shall visit places of entertainment on a regular basis. Upon their observing any violation, they shall make arrests without warrants for violations committed within their presence.
> (B)   It shall be unlawful to refuse to grant admittance to the premises for which a license has been issued, at any time, upon verbal request of any law enforcement official, health officers or the Alcoholic Beverage Control Officer of the Commonwealth of Kentucky, for the purpose of making an inspection of the premises or any part thereof.

(Id. at § 118.13.)

When considering the dismissal of Manning's Fourth Amendment claim for failure to state a claim, the Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief, Iqbal, 129 S.Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Here, the Plaintiff alleges that Hopkinsville Police Officers arrived at his place of business after it was closed, entered the building without permission, and conducted a search of the entire premises including a locked cabinet located behind speakers and a curtain without Plaintiff's consent. Further, the Plaintiff claims that one of the Hopkinsville Police Officers said that "they would stay [at Plaintiff's business] until they found something to charge the Plaintiff with." (Complaint at p. 6.)

While the Defendants argue that the search of Plaintiff's business satisfied the Fourth Amendment because it was conducted pursuant to Hopkinsville Ordinance § 118.13, the Defendants fail to address whether the Hopkinsville Ordinance § 118.13 satisfied the pervasively regulated business exception to the warrant requirement. Defendants did not specifically address the three criteria set forth in New York v. Burger, 482 U.S. 691 (1987), including significantly whether the Ordinance in question carefully limits the discretion of law enforcement in terms of "time, place, and scope" of the search. See, e.g., DeSilva v. State Medical Bd. of Ohio, 2010 WL 1644209 (S.D. Ohio April 23, 2010); Thorobred, Inc. v. Louisville/Jefferson County Metro Government, 2005 WL 2429079 (W.D. Ky. Sept. 30, 2005); Kentucky Restaurant Concepts, Inc. v. City of Louisville, Jefferson County, 209 F. Supp. 2d 672, 691 (W.D. Ky. 2002). Furthermore, even if the Ordinance in question satisfies the Burger requirements, Plaintiff has alleged facts suggesting that the search

7

of his business was a pretext for a purely criminal investigation. Accepting Manning's factual allegations as true, this Courts finds that it is plausible that Plaintiff's Fourth Amendment rights were violated due to the warrantless search of his business by the Hopkinsville Police Officers. Accordingly, Defendants' motion to dismiss Plaintiff's Fourth Amendment claim is denied.

### B. Qualified Immunity

Defendants argue that regardless of the constitutionality of Hopkinsville Ordinance § 118.13, the individual Defendants are entitled to qualified immunity for the warrantless search since the officers were acting in accordance with the Ordinance in question. See Risbridger v. Connelly, 275 F.3d 565 (6th Cir. 2002). "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Miller v. Sanilac County, 606 F.3d 240, 247 (6th Cir. 2010)(quoting Phillips v. Roane County, 534 F.3d 531, 538 (6th Cir. 2008)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To demonstrate that Defendants are not entitled to qualified immunity, Plaintiff must prove that a constitutional right was violated and that the right was clearly established at the time of the violation, i.e., that a reasonable officer confronted with the same situation would have known that a warrantless search of Plaintiff's business would violate the Plaintiff's right. Scott v. Harris, 550 U.S. 372, 377 (2007); Pearson v. Callahan, --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); Brosseau v. Haugen, 543 U.S. 194, 199-200 (2004); Harrison v. Ash, 539 F.3d 510, 517 (6th Cir. 2008); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Ammex, Inc. v.

Durant, 2010 WL 2130618, *3 (6th Cir. May 26, 2010)(quotation omitted). See Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful" (internal quotation marks omitted)).

It was clearly established at the time of Defendants' entry and search of Plaintiff's business "that the Fourth Amendment's prohibition on unreasonable searches and seizures is applicable to commercial premises." Burger, 482 U.S. at 699. "Absent a warrant, consent, or other exigent circumstances, law enforcement officers act unreasonably and thus unconstitutionally when they enter a commercial property to conduct a search for contraband or evidence of a crime." Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 195 (5th Cir. 2009)(citing Donovan v. Dewey, 452 U.S. 594, 598 n. 6 (1981)). While administrative searches are a recognized exception to the traditional warrant requirement, "they cannot be used as a pretext for what is, in reality, a purely criminal investigation." Ruttenberg , 283 Fed. Appx. at 133 (citing Burger, 482 U.S. at 716 n. 27); see also, e.g., Showers v. Spangler, 182 F.3d 165, 173 (3d Cir.1999) (holding that the officer's planning and execution of an exhaustive search of plaintiff's business "had all the hallmarks of a purely criminal investigation" that violated "the law barring random and extensive administrative searches [that] had been clearly established since at least the Burger case in 1987"); Swint v. City of Wadley, Ala., 51 F.3d 988, 998 (11th Cir. 1995); Russo v. Massullo, 927 F.2d 605, 1991 WL 27420, *4 (6th Cir. March 5, 1991) ; Colonnade Catering Corp. v. United States, 397 U.S. 72, 77 (1970); United States v. Johnson, 994 F.2d 740, 742 (10th Cir. 1993).

Here, Plaintiff alleges that the police officers entered his place of business after it was closed, searched locked cabinets over his objections, and stated that "they would stay [at Plaintiff's business] until they found something to charge the Plaintiff with." (Complaint at 6.) The factual

9

allegations set forth in the Complaint, when construed in the light most favorable to the Plaintiff, could support a finding that the police officers' search of Plaintiff's business was a pretext to gather evidence of criminal activity, instead of a valid administrative search. Ultimately, Defendants' qualified immunity defense turns on an issue of material fact that cannot be resolved at this stage of the litigation, and so, any ruling regarding the availability of the qualified immunity affirmative defense would be premature at this time. The Court therefore denies Defendants' motion to dismiss Plaintiff's claim on qualified immunity grounds.

**C. Respondeat Superior Liability**

Defendants, Chief of Police Guy Howie and Mayor Daniel Kemp, move to dismiss the complaint against them individually arguing that Plaintiff has failed to allege any actions, conduct, or omissions on the part of these two Defendants. Plaintiff cannot hold Howie or Kemp liable based on the conduct of the police officers. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, --- U.S. ---- 129 S.Ct. 1937, 1948 (2009). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." McQueen v. Beecher Community Schs., 433 F.3d 460, 470 (6th Cir. 2006)(citation omitted). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008); Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" McQueen, 433 F.3d at 470 (quoting

10

Shehee, 199 F.3d at 300).

In the present case, Plaintiff alleges no facts which would establish liability on the part of Police Chief Howie or Mayor Kemp. Specifically, Plaintiff did not allege that Defendant Howie or Defendant Kemp was personally involved in the search of his business. Because their supervisory positions do not automatically make them liable for the actions/inactions of their subordinates and because Plaintiff has failed to allege that Defendants Howie and Kemp engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against them. Accordingly, the Court grants Defendants' motion to dismiss the individual claims against Howie and Kemp.

## IV. MOTION FOR LEAVE TO AMEND

The Plaintiff seeks to amend his Complaint for the primary purpose of adding a punitive damage claim against the Defendants. Also, the proposed Amended Complaint provides some additional factual support for the Plaintiff's claims against the Defendants. Pursuant to Fed. R. Civ. P. 15(a)(1), as recently amended, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A),(B). Plaintiff filed his motion for leave to amend ten days after his complaint was served on the Defendants and eleven days before the Defendants filed an answer. Therefore, pursuant to Rule 15(a)(1), Plaintiff was entitled to amend his complaint once as a matter of course and did not need leave from the Court to do so. Accordingly, Plaintiff's motion to amend is moot and the Court construes the motion for leave to amend as an Amended Complaint. The Court considered the additional factual allegations set forth in Plaintiff's Amended Complaint in deciding the current motion to dismiss.

11

However, in as much as Plaintiff asserts a punitive damage claim against the City of Hopkinsville, Chief Howie and Mayor Kemp in his Amended Complaint, those claims are dismissed. The Court granted the motion to dismiss with respect to the Fourth Amendment claims asserted against Howie and Kemp in their individual capacity based upon respondeat superior liability. Further, the claim for punitive damages against the City of Hopkinsville is dismissed because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendants, Scott Mayes, Guy Howie, and Daniel J. Kemp, in their individual and official capacities, to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim [DN 12] is **granted in part and denied in part**. All claims against Defendants, Guy Howie and Daniel Kemp, in their individual capacities, are dismissed. Plaintiff's punitive damage claim against the City of Hopkinsville is dismissed. All other claims remain.

**IT IS FURTHER ORDERED** that the motion by Plaintiff, Herbert Manning, pro se, for leave to amend his complaint to add a claim for punitive damages [DN 9] is **moot**. The motion for leave to amend is construed as the Amended Complaint.

cc: counsel of record